**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **FREDRIKA MORRISSETTE MILLER** ) | |
| **and GARY L. SAUER, JR.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 2:20-cv-1049-WKW-CWB** |
| ) | |
| **CITY OF MONTGOMERY, ALABAMA** ) | |
| **and COUNTY OF MONTGOMERY,** ) | |
| **ALABAMA,** ) | |
| ) | |
| **Defendants.** ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiffs, acting *pro se*, filed this action on December 17, 2020.  (Doc. 1).  Referral then was made to the Magistrate Judge pursuant to 28 U.S.C. § 636 "for further proceedings and determination or recommendation as may be appropriate."  (Doc. 6).  Because Plaintiffs were granted *in forma pauperis* status, service of process was deferred pending a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e).  (Doc. 12).  After conducting such review and concluding that the Complaint was insufficiently pleaded, the Magistrate Judge issued an Order dated January 9, 2023 directing Plaintiffs to file an Amended Complaint by January 23, 2023. (Doc. 15).  The January 9, 2023 Order set out with specificity how the Complaint was deficient and what information should be included within the Amended Complaint.  (*Id*.).  Plaintiffs further were cautioned that "**failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed**." (*Id.* at p. 6) (bold in original).  Notwithstanding the directive to replead and admonition against not doing so, Plaintiffs failed to file an Amended Complaint by the imposed deadline.

1

It is settled that pro se litigants are required to conform to procedural rules and obey court orders. *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). So too is it settled that courts have authority to impose sanctions for failure to prosecute or obey an order. Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Considering Plaintiffs' willful failure to comply with instructions to replead, the undersigned finds that any sanction lesser than dismissal would not be appropriate in this instance. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be proper for the reasons set forth in the January 9, 2023 Order. (Doc. 15). In short, the Complaint (Doc. 1) fails to comply with the requirements of Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. Although Plaintiffs have listed various purported constitutional violations, they have not been sufficiently clear as to which alleged violations are alleged against which of the defendants and have not adequately linked factual allegations to those alleged violations. (*Id.* at pp. 13-14). The Complaint thus cannot be said to set forth "a short and plain statement" that would constitute a plausible claim and allow the defendants to file a meaningful response. A further complicating factor is that the Complaint is not separated into numbered paragraphs and is the type of "shotgun pleading" that consistently has been held insufficient under the Federal Rules of Civil Procedure. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

For all of these reasons, the undersigned hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice.

Any party may file written objections to this Recommendation.  Such objections must be filed with the Clerk of Court not later than **February 10, 2023**, must identify every objectionable finding or recommendation, and must state the specific basis for every objection being asserted.  An objecting plaintiff also must identify any claim that the Recommendation has not addressed.  Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal the District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

DONE this 27th day of January 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**